Argued November 28, 1972, affirmed January 12, 1973

HANCHETT, *Petitioner, v.* JURAS, *Respondent.*

504 P2d 1060

*Ronald J. Podnar,* Stayton, argued the cause for petitioner. With him on the brief were Gehlen & Larimer, Stayton.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This is a petition for judicial review of an order of the Public Welfare Division.

The facts are not in dispute. Petitioner filed an application for an Old Age Assistance grant with the Public Welfare Division on July 7, 1969. Thereafter assistance was granted to petitioner until May 6, 1972, at which time the Division notified petitioner her grant had been suspended and that she owed the Division $203 for an overpayment.

At petitioner's request a hearing was held before a hearing officer appointed by the Division. The hearing officer rendered a decision on May 25, 1972, affirming the suspension of the grant and affirming petitioner's liability for the overpayment of $203, on the basis that petitioner was disqualified under the provisions of Executive Department Task Force Bulletin 25E.

Petitioner's sole contention on review is that inasmuch as ORS 9.320① requires that the state or a corporation must appear by an attorney in "* * * [a]ny action, suit, or proceeding," and since the Public Welfare Division was not represented by an attorney at the hearing involved, the entire hearing is null and void.

Petitioner relies on *King v. Ind. Acc. Com.*, 211 Or 40, 309 P2d 159, 315 P2d 148, 318 P2d 272 (1957), in which our Supreme Court held that claim hearings of the accident commission were "proceedings" as used in ORS 41.900 (8), a statute similar in wording to ORS 9.320.

---

① ORS 9.320 provides:

"Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a corporation appears by attorney in all cases. Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of his client as between him and the adverse party, except as provided in ORS 9.310."

.. ORS 411.095 provides:

"(1) Where the Public Welfare Division conducts a hearing pursuant to ORS chapter 416 or the Public Welfare Division proposes to refuse, suspend or revoke a grant of general assistance as defined in subsection (4) of ORS 411.010 or a grant of public assistance as defined in subsection (5) of ORS 411.010 opportunity for hearing shall be accorded as provided in ORS 183.310 to 183.500.

"(2) Promulgation of rules, conduct of hearings and issuance of orders and judicial review of rules and orders shall be in accordance with ORS 183.310 to 183.500."

ORS 183.450 (6) provides:

"Agencies may, at their discretion, be represented at hearings by the Attorney General."

From a reading of ORS 183.450 (6) it is clear that the legislature intended that a state agency need not be represented at administrative hearings by an attorney unless it chooses to be.

The Public Welfare Division was therefore not required to be represented by an attorney[2] at the hearing involved in the present proceeding. This being the case, we need not now decide whether the adminis-

---

[2] ORS 180.220 provides:

"(1) The Department of Justice shall have:

"(a) General control and supervision of all civil actions and legal proceedings in which the State of Oregon may be a party or may be interested.

"(b) Full charge and control of all the legal business of all departments, commissions and bureaus of the state, or of any office thereof, which requires the services of an attorney or counsel in order to protect the interests of the state.

"(2) No state officer, board, commission, or the head of a department or institution of the state shall employ or be represented by any other counsel or attorney at law.

"(3) This section is subject to ORS 767.875."

trative hearing involved here is an "action, suit, or proceeding" within the meaning of ORS 9.320.

Affirmed.